IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           **Case No. 03-40131-01-RDR**

GLENNARD L. HAYES,

        Defendant.

_____

**O R D E R**

This matter is presently before the court upon defendant's motion to suppress. Having carefully reviewed the background of the case and the arguments of the parties, the court is now prepared to rule.

The defendant entered a plea of guilty to possession of a firearm during and in relation to a drug trafficking crime. The court sentenced the defendant on December 10, 2004 to sixty months imprisonment to be followed by a three-year term of supervised release. The defendant began the term of supervised release on December 30, 2010. A petition for the revocation of his supervised release was filed on December 15, 2011. In the petition, it is alleged that the defendant has engaged in several instances of criminal activity, including the sale of cocaine and possession of cocaine with intent to distribute. A final revocation hearing was scheduled for February 29, 2012. Just prior to that hearing, the defendant filed the instant motion to suppress.

In the motion to suppress, the defendant contends that a search warrant issued by a state court judge on December 14, 2011 for his residence is invalid due to staleness and the lack of a sufficient nexus between the facts presented and his residence. He therefore contends that the evidence seized during that search should be suppressed. He further contends that any statements he made following the search should be suppressed as fruit of the poisonous tree. The government initially contends that the defendant's arguments lack merit and the search warrant was valid. In the alternative, the government argues that the evidence seized pursuant to the search warrant should not be suppressed even if the warrant is not supported by probable cause because of the application of the good faith doctrine.

The court is not persuaded that the exclusionary rule applies in supervised release revocation hearings. In <u>United States v. Finney</u>, 897 F.2d 1047, 1048 (10th Cir. 1990), the Tenth Circuit held that the exclusionary rule did not apply in probation or parole revocation proceedings. <u>See</u> <u>also</u> <u>Pennsylvania Bd. of Probation and Parole v. Scott</u>, 524 U.S. 357, 369 (1998) (exclusion of evidence seized in violation of the Fourth Amendment from state parole revocation proceedings would severely disrupt their traditionally flexible and non-adversarial nature without creating any significant deterrent effect discouraging police and parole officers from conducting improper searches). The Tenth Circuit has

not specifically addressed whether the exclusionary rule applies to supervised release revocation proceedings, but we are convinced that the Tenth Circuit would find that it does not.  See, e.g., United States v. Quinn, 2007 WL 437734 at * 4 (D.Kan. 2/6/07) (Judge Lungstrum finds that Tenth Circuit, if faced with issue, would extend holding in Finney to supervised release revocation proceedings).  Other circuits, some relying on Finney, have concluded that the exclusionary rule does not apply to supervised release revocation proceedings.  See United States v. Hebert, 201 F.3d 1103, 1104 (9th Cir. 2000) (per curiam); United States v. Armstrong, 187 F.3d 392, 393-95 (4th Cir. 1999).  Some circuits have suggested that the rule might apply if police harassment were involved.  See United States v. Montez, 952 F.2d 854, 858 (5th Cir. 1992); United States v. Alexander, 124 F.3d 200, 1997 WL 592807 at * 1 (6th Cir. 9/24/07) (unpublished); United States v. Charles, 531 F.3d 637, 640 (8th Cir. 2008).  Even if the rule were applicable in such a situation, there is no evidence or allegation of harassment here.  Accordingly, the court shall deny the defendant's motion because we find that the exclusionary rule is not applicable in supervised release proceedings.  The court will conduct the final revocation hearing on March 15, 2012 at 10:30 a.m.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress (Doc. # 60) be hereby denied.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2012 at Topeka, Kansas.

                                                             s/Richard D. Rogers
                                                             United States District Judge